**LOWENSTEIN SANDLER PC**
Norman N. Kinel, Esq.
David M. Banker, Esq.
1251 Avenue of the Americas, 18th Floor
New York, New York 10020
(212) 262-6700 (Telephone)
(212) 262-7402 (Facsimile)

*Proposed Counsel to the Official Committee*
*Of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| PARK WEST CIRCLE REALTY, LLC and PARK WEST RADIOLOGY, P.C., | Lead Case No. 10-12965 (AJG) |
| Debtors. | |

**APPLICATION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 328(a) AND 1103 AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF LOWENSTEIN SANDLER PC AS COUNSEL TO THE OFFICIAL <u>COMMITTEE OF UNSECURED CREDITORS</u>**

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") appointed in the bankruptcy cases of the above-captioned debtors and debtors-in-possession (the "<u>Debtors</u>") submits this application (the "<u>Application</u>") for an Order pursuant to 11 U.S.C. §§ 328(a) and 1103, Federal Rules of Bankruptcy Procedure 2014(a) and 5002, and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing and approving the employment and retention of Lowenstein Sandler PC ("<u>Lowenstein Sandler</u>") as counsel for the Committee, effective as of July 15, 2010. In support of the Application, the Committee respectfully represents:

## BACKGROUND

1.　On June 2, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.　The Debtors have been authorized to remain in possession of their respective properties and to continue in operation and management of their businesses as Debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

3.　No trustee or examiner has been appointed in the Debtors' bankruptcy cases.

4.　On June 21, 2010, the Office of the United States Trustee appointed the Committee pursuant to 11 U.S.C. § 1102 and selected the following creditors to serve as members of the Committee: (i) CRA International, Inc., (ii) Pinnacle Health Consultants, LLC, and (iii) LECG, LLC.

5.　The Committee initially selected Hunton & Williams LLP to serve as its counsel. Thereafter, Hunton & Williams LLP withdrew its appearance on behalf of the Committee, as well as its motion to be retained as counsel for the Committee.

6.　The Committee then selected Lowenstein Sandler to serve as its counsel, effective as of July 15, 2010.

## JURISDICTION AND VENUE

7.　The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 328 and 1103 and Fed. R. Bankr. P. 2014.

## RELIEF REQUESTED

8.　By this Application, the Committee seeks entry of an Order authorizing and approving the employment of Lowenstein Sandler as its counsel to perform services relating to the Debtors' bankruptcy cases, effective as of July15, 2010.

9. Section 328(a) of the Bankruptcy Code empowers a committee appointed under 11 U.S.C. § 1102, with the Court's approval, to employ attorneys under 11 U.S.C. § 1103 on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis, to perform services for such committee.

10. Pursuant to 11 U.S.C. § 1103(b), an attorney employed to represent a committee may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case. Lowenstein Sandler has advised the Committee that Lowenstein Sandler does not hold or represent any other entity having an adverse interest in connection with the Debtors' bankruptcy cases and does not have any connections with the United States Trustee or any person employed by the Office of the United States Trustee. Submitted herewith is the Certification of Norman N. Kinel in support of the Application (the "<u>Certification</u>") setting forth, among other things, Lowenstein Sandler's connections with the Debtors, their creditors, and other parties-in-interest.

11. The Committee believes that it is necessary to employ attorneys to render the professional services described below to the Committee, and that, without such professional assistance, neither the Committee's evaluation of the activities of the Debtors nor its meaningful participation in the negotiation, promulgation, and evaluation of a plan or plans of reorganization or liquidation would be possible.

12. The members of the Committee based their selection of Lowenstein Sandler, as Committee counsel, on Lowenstein Sandler's extensive experience and knowledge in the field of bankruptcy and creditors' rights, and in the other fields of law that are expected to be involved in theses cases. Members of Lowenstein Sandler have appeared in numerous proceedings under Chapter 11 of the Bankruptcy Code before this and other courts. Accordingly, the Committee believes that Lowenstein Sandler is well qualified to represent the Committee in the Debtors' bankruptcy cases.

13. To the best of the Committee's knowledge, information and belief, Lowenstein Sandler has had no other prior connection with the Debtors, their creditors or any other party in interest, except as stated in the Certification. Upon information and belief, Lowenstein Sandler

does not hold or represent any interest adverse to the Debtors' estates or the Committee or the creditors the Committee represents in the matters upon which it has been and is to be engaged, and is disinterested within the meaning of Section 101(14) of the Bankruptcy Code. The employment of Lowenstein Sandler PC is in the best interest of the Committee and the Debtors' estates.

14. The professional services that Lowenstein Sandler will provide to the Committee include, but are not limited to:

(a) providing legal advice, as necessary, with respect to the Committee's powers and duties as an official committee appointed under 11 U.S.C. § 1102;

(b) assisting the Committee in investigating the acts, conduct, assets, liabilities, and financial condition of the Debtors, the operation of the Debtors' business, potential claims, and any other matters relevant to the case, or to the formulation of a plan of reorganization (a "Plan") or a sale of the Debtors' assets;

(c) participating in the formulation of a Plan or sale of the Debtors' assets;

(d) providing legal advice, as necessary, with respect to any disclosure statement and Plan filed in this case and with respect to the process for approving or disapproving disclosure statements and confirming or denying confirmation of a Plan;

(e) preparing on behalf of the Committee, as necessary, applications, motions, complaints, answers, orders, agreements and other legal papers;

(f) appearing in Court to present necessary motions, applications, and pleadings, and otherwise protecting the interests of those represented by the Committee;

(g) assisting the Committee in requesting the appointment of a trustee or examiner, should such action be necessary; and

(h) performing such other legal services as may be required and that are in the best interests of the Committee and creditors.

15. Subject to the Court's approval and pursuant to 11 U.S.C. §§ 330 and 331, the Federal Rules of Bankruptcy Procedure, and the rules and other procedures which this Court may fix, the Committee requests that Lowenstein Sandler be compensated on an hourly basis, plus

reimbursement of the actual and necessary expenses that Lowenstein Sandler incurs in accordance with the ordinary and customary rates for work of this nature which are in effect on the date the services are rendered. These rates are set at a level designed to compensate Lowenstein Sandler for the work of its attorneys and legal assistants and to cover fixed and routine overhead expenses. It is Lowenstein Sandler's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephones and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. Lowenstein Sandler will charge for these expenses in a manner and at rates consistent with charges made generally to Lowenstein Sandler's other clients. Lowenstein Sandler will maintain detailed, contemporaneous records of time and any necessary expenses incurred in connection with the rendering of legal services described above.

    16.    Lowenstein Sandler's hourly rates are as follows:

| | |
|---|---|
| Members | $440.00 - $825.00 |
| Senior Counsel[1] | $390.00 - $575.00 |
| Counsel | $340.00 - $575.00 |
| Associates[2] | $235.00 - $450.00 |
| Legal Assistants | $145.00 - $215.00 |

    17.    At the present time, the principal attorneys and paralegals responsible for the representation of the Committee and their current hourly rates for these matters are as follows:

| | |
|---|---|
| Norman N. Kinel, Member | $650.00 |
| David M. Banker, Counsel | $490.00 |
| Michael Savetsky, Associate | $370.00 |

---

[1] Senior counsels generally have 10 years of more of experience.
[2] Associates generally have less than 6 years of experience.

18. The charges set forth in paragraphs 16 and 17 hereof are based upon actual time charges on an hourly basis and based upon the experience and expertise of the attorney or legal assistant involved. The hourly rates are subject to periodic adjustments to reflect economic and other conditions.

19. The Committee understands that any compensation and expenses paid to Lowenstein Sandler must be approved by the Court upon application consistent with the Bankruptcy Code, applicable Federal Rules of Bankruptcy Procedure, and any Orders of the Court respecting compensation of professionals.

### **EFFECTIVE DATE OF RETENTION**

20. Immediately upon retaining Lowenstein Sandler on July 15, 2010, the Committee directed Lowenstein Sandler to commence work in connection with the Debtors' cases, and thus Lowenstein Sandler commenced work on the Committee's behalf on such date. Accordingly, the Committee respectfully requests that this Court authorize the retention of Lowenstein Sandler *nunc pro tunc* as of July 15, 2010.

### **NOTICE**

21. The Committee is providing notice of this Application to (a) Office of the United States Trustee, (b) counsel for the Debtors, and (c) all parties who have filed requests for notice pursuant to Federal Rule of Bankruptcy Procedure 2002. The Committee submits that no other or further notice is necessary or required.

22. No previous application for relief sought herein has been made to this or any other Court.

WHEREFORE, the Committee respectfully requests that this Court enter an Order, substantially in the form submitted herewith, authorizing the Committee to retain and employ Lowenstein Sandler PC as counsel to the Committee, effective as of July 15, 2010, and grant such other and further relief as the Court deems just or proper.

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PARK WEST CIRCLE REALTY, LLC, and PARK WEST RADIOLOGY, P.C.,**

By: /s/ Andrew S. Blatt
    Andrew S. Blatt
    Pinnacle Health Consultants, LLC
    Chairperson

Dated: July 21, 2010